**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**EARL DIAMOND,**

        **Plaintiff,**                     **CIVIL ACTION NO. 12-CV-11516**

vs.

                                            **DISTRICT JUDGE PAUL D. BORMAN**

**HERMAN MARABLE, JR,**          **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SHELDON WOLIN, and S. WOLIN
and COMPANY,**

        **Defendants.**
_____/

**REPORT AND RECOMMENDATION**

**I.   RECOMMENDATION:** This Court recommends that Plaintiff's Motion to Enter Default Against Defendants Sheldon Wolin and S. Wolin & Company (docket no. 15) be **DENIED**, and Defendants Sheldon Wolin and S. Wolin & Company's Motion to Vacate Plaintiff's Entry of Default Against Them (docket no. 18) be **DENIED** as moot.

Defendants Sheldon Wolin and S. Wolin & Company should be directed to file an answer to Plaintiff's complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure on or before September 28, 2012.

**II.   REPORT:**

This matter comes before the Court on two motions. The first motion is Plaintiff's Motion to Enter Default Against Defendants Sheldon Wolin and S. Wolin & Company, filed on July 18, 2012. (Docket no. 15). Defendants did not file a response and the time for responding has expired. The second motion is Defendants Sheldon Wolin and S. Wolin & Company's Motion to Vacate

Plaintiff's Entry of Default Against Them. (Docket no. 18). As discussed in further detail below, Defendants' motion is moot and requires no response, therefore the Court waives Plaintiff's response to the motion. The motions have been referred to the undersigned for action. (Docket no. 19). The Court dispenses with oral argument on the motions pursuant to E.D. Mich. LR 7.1(f). These matters are now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

Plaintiff filed the instant *pro se* civil rights complaint on April 4, 2012. Plaintiff was granted leave to proceed *in forma pauperis* on June 6, 2012 and on that same day an order was entered directing the United States Marshal Service to serve the appropriate papers on Defendants. (Docket no. 7). On June 13, 2012 the Marshal docketed notice of mailing of the complaint to Defendants. Subsequently, on June 22, 2012, counsel appeared on behalf of Defendant Marable, Jr., however no executed waivers of service were returned or notices of appearance filed on behalf of Defendants Sheldon Wolin and S. Wolin & Company. (Docket no. 9).

In their motion, Defendants claim they received copies of the complaint and summons by certified mail on or around June 15, 2012. (Docket no. 18). Defendants state that they promptly sought legal representation after they received the summons and complaint and were surprised when they later discovered that no defense had been mounted on their behalf. When they became aware of the problem, Defendants claim they immediately retained a different attorney and filed the instant motion. They ask the Court to vacate the entry of default against them and permit them to proceed with a meritorious defense. Because no entry of default or default judgment has been entered against Defendants Sheldon Wolin or S. Wolin & Company, the undersigned recommends that Defendants' Motion to Vacate Plaintiff's Entry of Default (docket no. 18) be denied as moot.

Next, the undersigned recommends that Plaintiff's Motion to Enter Default Against

Defendants Sheldon Wolin and S. Wolin & Company (docket no. 15) be denied.  As a procedural matter, before any default judgment is entered against a defendant, the plaintiff must first request and receive an entry of default from the clerk pursuant to Federal Rule of Civil Procedure 55(a). *Corsetti v. Hackel*, No. 10-12823, 2011 WL 2135184, at *1 (E.D. Mich. May 27, 2011) (citation omitted). Eastern District of Michigan Local Rule 55.1 requires that a request for a clerk's entry of default must be supported by affidavit and provide "(a) [a] statement identifying the specific defendant who is in default[;] (b) [a] statement attesting to the date the summons and complaint were served upon the defendant who is in default[; and] (c) [a] statement indicating the manner of service and the location where the defendant was served."  E.D. Mich. LR 55.1.  The Clerk's Office provides the appropriate form for requesting a clerk's entry of default to help ensure that it receives the information it requires.  Once a plaintiff has received a clerk's entry of default, he may file a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b).

Here, Plaintiff did not seek and obtain a clerk's entry of default prior to filing his motion. Therefore, Plaintiff is not entitled to a judgment of default under Rule 55(b).  Furthermore, because Plaintiff's motion does not contain a supporting affidavit providing the information required by Local Rule 55.1, his motion should not be construed as a request for a clerk's entry of default under Rule 55(a).  The undersigned recommends that Plaintiff's motion be denied.  Defendants Sheldon Wolin and S. Wolin & Company claim to have a meritorious defense and should be directed to file an answer to Plaintiff's complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure on or before September 28, 2012.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 11, 2012              s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Earl Diamond and Counsel of Record on this date.

Dated: September 11, 2012              s/ Lisa C. Bartlett
                                       Case Manager