UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL DIAMOND,

        Plaintiff,                                   Case No. 12-cv-11516

                                                    Paul D. Borman
v.                                                 United States District Judge

HERMAN MARABLE,
SHELDON WOLIN, and S. WOLIN & CO.,

        Defendants.

_____/

OPINION AND ORDER DISMISSING THIS ACTION WITH PREJUDICE AS ORDERED
BY THE COURT AT THE FINAL PRETRIAL CONFERENCE ON NOVEMBER 4, 2013

        The Court held a final pretrial conference in this action as scheduled on November 4, 2013 at 3:30 p.m. Counsel for Defendant appeared. The Court remained convened until approximately 3:50 p.m. and Plaintiff never appeared. For reasons stated on the record and in this Order, the Court dismissed the case on the record at the hearing on November 4, 2013 and this Order now follows. (11/4/2013 Minute Entry: "Plaintiff failed to appear, case dismissed, order to follow.")

        On August 21, 2013, the Court issued an amended scheduling order setting forth the dates for pretrial order submissions and the date for the final pretrial conference. (ECF No. 30.) The Scheduling Order directed the Plaintiff to initiate a meeting with the Defendants to prepare the joint final pretrial order and provided for sanctions, including dismissal of claims, for failure to cooperate in preparation of the joint final pretrial order. (ECF Nos. 29, 30, ¶ III(c).) E.D. Mich. L.R. 16.2, consistent with the Court's Scheduling Order, also places the burden on Plaintiff's counsel (or plaintiff proceeding *pro se*) to convene a final pretrial meet and confer and allows for the sanction

of dismissal for failure to do so. (E.D. Mich. L.R. 16.2(a), (c).)

The initial deadline for filing the joint final pretrial order in this case was October 8, 2013 and the final pretrial conference was scheduled for October 15, 2013. On September 20, 2013, the Court denied Plaintiff's "Motion to Delay Pretrial," in which Plaintiff sought to have the pretrial conference delayed until after Plaintiff filed a summary judgment motion. (ECF No. 32, Motion to Delay Pretrial.) As the Court explained in its Order denying Plaintiff's motion, the deadline for filing dispositive motions was August 10, 2013, as set forth in the Court's March 5, 2013 Scheduling Order, and Plaintiff offered no excuse for his untimely filing. (ECF No. 33, Order Denying Motion to Delay Pretrial.) Copies of both Scheduling Orders, as well as the Court's September 20, 2013 Order denying Plaintiff's motion, which expressly reminded the parties of their obligations to prepare the joint final pretrial order, were mailed to Plaintiff.

On September 27, 2013, this Court rescheduled the date for the final pretrial conference to November 4, 2013 and reset the deadline for filing the joint final pretrial order to October 28, 2013, again serving Plaintiff with a copy of this notice by mail. (September 27, 2013 Minute Entry Notice and Certificate of Service on Plaintiff.) On October 15, 2013, Defendants filed their "Application for Contents to be Included in Final Pretrial Order," serving a copy on Plaintiff by mail and indicating to the Court that Plaintiff had not contacted them regarding preparation of the joint final pretrial order. (ECF Nos. 34, 35.)

Plaintiff did not initiate contact with Defendants to prepare a joint final pretrial order as required by E.D. Mich. L.R. 16.2(a) and as directed by the Court in both its original Scheduling Order and in its August 21, 2013 Scheduling Order. (ECF Nos. 29, 30, ¶ IIIA.) Nor did Plaintiff file anything individually in preparation for the joint final pretrial conference, despite the fact that

the Court expressly directed, in its September 20, 2013 Order denying Plaintiff's motion to delay the pretrial, that the parties follow the instructions contained in the Second Amended Scheduling Order regarding the preparation and submission of a joint final pretrial order. (ECF No. 33.)

The Court dismissed the case on the record at the hearing on November 4, 2013. Although the Court recognizes that dismissal of claims for failure to follow the Court's pretrial requirements is a serious sanction, the Court concludes that such a result is entirely appropriate in this case. Plaintiff was alerted to his responsibilities with regard to pretrial preparation on multiple occasions and was informed that dismissal of his claims was a possible sanction for failing to cooperate in the pretrial process. Having been so informed, Plaintiff chose not to participate in the process as required. Such blatant disregard for the Court's requirements supports the sanction of dismissal in this case. *See Doe v. Tecumseh Public Schools*, No. 06-12493, 2007 WL 4357781, at *3 (E.D. Mich. Dec. 13, 2007) (finding sanction of dismissal appropriate for failure to cooperate in preparation of joint final pretrial order).

Accordingly, the Court DISMISSES Plaintiff's Complaint.

IT IS SO ORDERED.[1]

Dated: November 7, 2013

s/Paul D. Borman
Paul D. Borman
United States District Judge

---

[1] On November 7, 2013, a "Motion to Wave [sic] Plaintiffs Right to Pretrial and Motion to Disallow Defendants Evidence and Testimony From 68th District Court Flint, Michigan Landlord Tennant [sic] Case Court Lack Jurisdiction" was entered on the Court's docket. (ECF No. 38, entered on November 7, 2013 and filed on November 4, 2013.) This untimely and non-responsive filing is stricken and does not affect the Court's November 4, 2013 dismissal of this action.

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 7, 2013.

                                                s/Deborah Tofil
                                                Case Manager